IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN MAURICE FITZGERALD,                )
                                          )
      Plaintiff,                        )
                                          )
 -vs-                                     )  Civil Action No. 17-677
                                          )
                                          )
NANCY A. BERRYHILL,[1]                    )
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
      Defendant.                       )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging he has been disabled since February 23, 2014. (ECF No. 8-7, p. 7). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on July 20, 2016. (ECF No. 8-3). On October 20, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 19-31).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B.   **Weighing of Opinion Evidence**

Plaintiff argues that the ALJ's residual functional capacity ("RFC")[2] is not supported by substantial evidence. (ECF No. 11, pp. 6-9). Specifically, Plaintiff suggests that the ALJ erred in the weighing of the opinion evidence. *Id.* The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or

---

[2] RFC refers to the most a claimant can still do in a work setting on a regular and continuing basis despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work with certain exceptions. (ECF No. 8-2, p. 23).

3

from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

4

Plaintiff argues that the ALJ should have afforded more weight to the opinion of the consultative examiner, Dr. Kaufer, and less weight to that of the state agency examiner, Dr. Legaspi. (ECF No. 11, pp. 6-9). With regard to the weight given to Dr. Legaspi, a review of the record reveals that the only reason given by the ALJ for providing Dr. Legaspi considerable weight is that as a state agency medical consultant she has "program knowledge and training in reviewing medical evidence for the purpose of determining disability." (ECF No. 8-2, p. 29). That is already presumed and, alone, is not a reason to give a consultant considerable weight. Rather, as stated above, ALJs are required to consider state agency consultants because they are experts in the social security disability programs. SSR 96–6p; 20 C.F.R. §§ 404.1527(f) and 416.927(f). As a result, state agency medical consultants are not automatically entitled to "considerable" weight. SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)... and must explain the weight given to the[se] opinions in their decisions.").

An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether his opinion is based on substantial evidence. An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705. Here, the ALJ fails to give any other reason for assigning considerable weight to the state agency consultants. (ECF No. 8-2, p. 29). Without more from the ALJ in this case, I am unable to make a meaningful and proper review to determine if the ALJ's opinion is based on substantial evidence. Consequently, remand is warranted on this issue.

Plaintiff also argues, in a footnote, while the ALJ gave "considerable weight" to the opinion of Dr. Legaspi, she erred by failing to incorporate all of the limitations opined by Dr. Legaspi into the RFC. (ECF No. 11, p. 8, n.2). Dr. Legaspi opined, *inter alia,* that Plaintiff can only crouch occasionally.[3] (ECF No. 8-4, p. 8). The ALJ limited Plaintiff to light work with certain exceptions, but did not limit him to occasional crouching. (ECF No. 8-2, p. 23). Therefore, Plaintiff submits that the RFC is not supported by substantial evidence and the case should be remanded on this basis as well. (ECF No. 11, p. 8, n.2).

After a review of the record, I agree. Certainly, the ALJ is not required to accept Dr. Legaspi's opinion at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

Here, the ALJ failed to articulate why she gave considerable weight to the opinion of Dr. Legaspi but did not account for her opinion that Plaintiff was limited to occasional crouching in the RFC. The failure to provide an explanation prohibits me from conducting a proper and

---

[3] I note that Dr. Kaufer also found the Plaintiff can only crouch occasionally. (ECF No. 8-10, p. 28).

6

meaningful review. Therefore, for this additional reason, I find the ALJ's decision is not based on substantial evidence and remand is warranted.

Consequently, I am remanding for full and proper analysis of all of the medical opinion evidence.[4] On remand, the ALJ should be more specific as to weight given to each opinion and the basis for the same.

An appropriate order shall follow.

---

[4] As set forth above, Plaintiff also suggests that the ALJ erred in assigning less weight to Dr. Kaufer, the consultative examiner. (ECF No. 11, pp.8-9). Since I am remanding as set forth above, this issue will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the argument at this time. On remand, the ALJ shall provide sufficient explanations for why she has assigned a particular weight to each opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN MAURICE FITZGERALD,)
)
    Plaintiff,)
)
-vs-) Civil Action No. 17-677
)
)
NANCY A. BERRYHILL,[5])
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 25th day of July, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                                                     BY THE COURT:

                                                                       s/ Donetta W. Ambrose
                                                                         Donetta W. Ambrose
                                                                        United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.